UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARL STUBBS, CDCR #AL-2138,<br><br>                            Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, W.L. MONTGOMERY, S. FELIX, LEE GRAY,<br><br>                            Defendants. | Case No.: 21-CV-321 TWR (RBB)<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT (ECF No. 5)**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Kenneth Carl Stubbs ("Plaintiff"), currently housed at Calipatria State Prison ("CSP") in Calipatria, California, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983. ECF No. 1. Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing, and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). *See* ECF No. 2.

The Court denied the IFP motion and dismissed the case without prejudice because Plaintiff had not provided the Court with a certified trust account statement. ECF No. 4. Plaintiff was given 45 days from the date Order was filed to provide the Court with

sufficient proof of his inability to pay the civil filing fee. *Id*.

On June 14, 2021, Plaintiff filed a renewed IFP motion, on June 16, 2021, he filed a Prisoner Trust Account Statement, and on July 28, 2021 and August 12, 2021, he filed Supplemental Documents in Support of his IFP motion. ECF Nos. 5–6, 8, 10. On August 17, 2021, he paid the civil filing fee. ECF No. 11. Therefore, the Court **DENIES** Plaintiff's Motion for IFP as moot.

**I.    Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

*A. Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

/ / /

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff alleges that on November 18, 2020, he filed a grievance claiming the roof in Alpha Building-2 at CSP was leaking rainwater into his cell. ECF No. 1 at 4–5. In his grievance, he noted that "the living conditions were . . . a potential health hazard for himself and could lead to . . . damages to his personal property," and asked that both the roof leak and damages to his cell be repaired. *Id.*

According to Plaintiff, on November 23, 2020, he received a "Request for Interview" form from Defendant Lee Gray which explained that repairs to the roof would be made January 21 through January 25, 2021.[1] Plaintiff alleges that on January 4, 2021, Defendant S. Felix, who is a maintenance employee of the California Department of Corrections and Rehabilitation, visited him to discuss the repairs. *Id.* at 5–6. Plaintiff claims Felix told him that in his professional opinion, the cell did not need to be repaired and "once the roof-top infrastructure is repaired, no rain will enter the Plaintiff's housing-cell," and told Plaintiff the repairs would be made no later than January 25, 2021. *Id.* at 6. On January 20, 2021, according to Plaintiff, it rained and rainwater leaked into his cell. *Id.* at 6–7. Plaintiff alleges he "spent hours repeatedly using his state-issued bed sheets and state-issued towels

---

[1] Plaintiff's Complaint lists the year this occurred as 2020, but that appears to be a mistake since his grievance was filed in November of 2020. ECF No. 1 at 4–5.

to . . . [soak up] the rainwater," and claims that "the cell's walls . . . were stained with filthy debris and smell-odors of watery debris of bird feces." *Id.* at 7. Plaintiff also alleges that Defendant Felix told him that all of Alpha yard's buildings were in need of repair but that the repairs had not been completed because Defendant Montgomery "refuses to acknowledge the urgency of the housing buildings' maintenance problems and [would] rather use the majority of the funding [to finance CSP's] medical department and the prison's education department." *Id.* at 8.

### C. 42 U.S.C. Section 1983

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D. Discussion

Plaintiff claims his Eighth Amendment rights have been violated by the unrepaired roof leak which leaked water into his cell when it rained, creating unsanitary conditions. ECF No. 1 at 1–8. The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, and "[p]rison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state a cruel and unusual punishment claim, a plaintiff must allege facts sufficient to satisfy two requirements. *Id*. at 834; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300;

*Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citations omitted). Second, a plaintiff's complaint "must contain sufficient factual matter" to demonstrate that each defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id*.

District courts in California have routinely found that "a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment." *Brown v. Flores*, No. 18-cv-01578 LHK (PR) 2018 WL 9838120, at *2–*3 (N.D. Cal. Oct. 2018); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Jacobs v. CDCR*, No. 1:20-cv-00547-BAM (PC), 2021 WL 1264636, at *11 (E.D. Cal. April 6, 2021); *Collier v. Garcia*, No. 17-cv-05841 LHK (PR), 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018); *Oubichon v. Carey*, No. 2:06-cv-2749-JAM-EFB P, 2017 WL 2162940, at *8 (C.D. Cal. May 17, 2017). "[P]oorly maintained surfaces, wet floors, or leaky roofs do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims . . . even where the hazard has existed, and been known to prison officials, for years . . . ." *Pauly v. California*, No. 2018 WL 5920780, at *4 (E.D. Cal. 2018), citing *Hall v. Frauehnehim, et al.*, No. 1:16-cv-00263-AWI-DLB PC, 2016 WL 2898712, at *1–*5 and n.1; *see also Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014); *Shannon v. Vannoy*, No. 15-446-SDD-RLB, 2016 WL 1559583, at *1 (M.D. La. Apr. 19, 2016); *Sylla v. City of N.Y.*, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *1–*4 (E.D.N.Y. Dec. 8, 2005). "[I]n order [to]

state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the [leaking water] posed a serious, unavoidable threat to plaintiff's safety." *Coleman v. Frauenheim*, No. 1:17-cv-10276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018), citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).

Plaintiff has not plausibly alleged any "exacerbating condition," nor has he alleged he was injured in any way as a result of the leaking roof. *See* ECF No. 1. At best, he has alleged negligence resulting from a failure to maintain the prison roof, but this does not amount to an "unquestioned and serious deprivation of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Further, he notes that the leak was scheduled to be repaired no later than January 25, 2021. Accordingly, Plaintiff has not plausibly alleged an Eighth Amendment claim.

## II. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's renewed Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) [ECF No. 5] as moot.

2) **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an

amended complaint which cures all deficiencies of the pleading noted. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: September 27, 2021

Honorable Todd W. Robinson
United States District Judge